87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phong A. HOONG, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70197.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1996.*
Decided June 5, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Phong A. Hoong, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' summary dismissal of his appeal from the Immigration Judge's decision, finding Hoong ineligible for relief pursuant to 8 U.S.C. § 1182(c) due to his firearms conviction. We have jurisdiction, 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 4
 Hoong concedes deportability under 8 U.S.C. § 1251(a)(2)(C) based on his firearms conviction, but argues that deeming him ineligible for relief from deportation under 8 U.S.C. § 1182(c) violates Equal Protection. We considered and rejected this precise argument in Komarenko v. INS, 35 F.3d 432 (9th Cir.1994). Like Hoong, the petitioner in Komarenko conceded deportability under 8 U.S.C. § 1251(a)(2)(C), but argued that denying him eligibility for discretionary relief under § 1182(c) violated Equal Protection. Id. at 434. We concluded that there is no violation of Equal Protection where, as here, the excludability and deportation provisions are "entirely dissimilar, and the distinction between the two classes is not arbitrary or unreasonable." Id. at 435 (citation omitted).
 
 
 5
 In light of Komarenko, the BIA's summary dismissal of Hoong's appeal was proper because the appeal lacks an arguable basis in law.[1] See 8 C.F.R. § 3.1(d)(1-a)(i)(D).
 
 
 6
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge, Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hoong's argument that he qualifies for relief under § 1182(c) because his firearms conviction was actually an "aggravated felony" under 8 U.S.C. § 1101(a)(43) is waived because he failed to present it to either the Immigration Judge or the BIA. In any event, the argument is meritless because the mere possession of a weapon does not amount to "illicit trafficking in firearms." See 8 U.S.C. § 1101(a)(43)(C)